Hon. Richard P. Mills Formal Opinion Commissioner No. 96-F5 NYS Department of Education Education Building Albany, N Y 12234
Dear Commissioner Mills:
Your counsel has asked whether the State will provide defense and indemnification under Public Officers Law § 17 and Education Law § 6510(7) to a member of an architectural or engineering professional association as to his or her service as a consultant or expert witness to your Department in the investigation or prosecution of alleged professional misconduct. The possible misconduct was discovered initially by the member in an audit done for New York City under its "professional certification option" and reported by the New York City Department of Buildings to the Education Department for possible prosecution.
New York City has established an alternative review process for approval of construction specifications prepared under various City building regulations, referred to as the "professional certification option". Generally, the owner of the project authorizes use of the "professional certification option" by the licensed architect or engineer who has prepared the construction specifications. The licensed architect or engineer files a complete set of construction specifications to comply with the particular City building regulation and as required by the "professional certification option" states:
 I hereby state that I have exercised a professional standard of care in certifying that the filed application is complete and in accordance with applicable laws as of this date. I am aware the Commissioner will rely upon the truth and accuracy of this statement. If non-compliance is disclosed I agree to notify the owner of the remedial measures which must be taken to meet Department of Buildings' requirements. I further realize that any misrepresentation or falsification of facts made knowingly or negligently by me, my agents or employees or, additionally, by others with my knowledge, will render me liable for legal and disciplinary action by the Department of Buildings and other appropriate authorities including termination of participation in the Professional Certification Program at the Department of Buildings.
Within 45 days of the issuance of a permit, at least 20% of these certified applications, representing a mixture of application types, will be subject to a complete audit plan review. The mixture selected for review will be prioritized based upon public safety impact and anticipated completion date of construction. A review will also be conducted at any time upon receipt of a complaint or evidence of non-compliance. Applications chosen for audit will be assigned to an examiner who will review the application consistent with established policy.
Your counsel has informed us that the audits will be done for New York City under the "professional certification option" by members of architectural and engineering professional associations. Any professional misconduct by the licensed architect or engineer revealed by the audits would be reported by the New York City Department of Buildings to the Education Department for possible prosecution. Your counsel's question is whether, after a complaint of possible professional misconduct has been filed with the Education Department, the member of the architectural or engineering professional association, who served as auditor under New York City's "professional certification option", is entitled to defense and indemnification by the State as an expert witness for the Education Department in the hearing on the charge of professional misconduct.
Section 17 of the Public Officers Law provides for defense and indemnification of an "employee" which in part is defined to mean
 any person holding a position by election, appointment or employment in the service of the state . . . or a volunteer expressly authorized to participate in a state-sponsored volunteer program, but shall not include an independent contractor.
Also included within the definition of "employee", as a specific exception to the exclusion of independent contractors, are
 persons who assist the education department or the department of health as consultants or expert witnesses in the investigation or prosecution of alleged professional misconduct, licensure matters, restoration proceedings, or criminal prosecutions for unauthorized practice. . . .
The provision of defense and indemnification to experts assisting the Education Department is repeated in section 6510(7) of the Education Law. Section 6510(7) adds the proviso that
indemnification does not include actions involving actual malice.
The amendment of the definition of "employee" to include expert witnesses assisting the Education Department or Health Department in the investigation or prosecution of alleged professional misconduct was enacted by chapter 866 of the Laws of 1980. Since this amendment was a part of a large legislative proposal revising professional misconduct adjudication procedures, the legislative bill jacket is devoid of any discussion of the amendment.
In 1981, however, chapter 228 again amended section 17 of the Public Officers Law to add defense and indemnification of persons who assist the Education Department or the Health Department as consultants or expert witnesses in the investigation or prosecution of licensure matters, restoration proceedings, or criminal prosecutions for unauthorized practice. We believe that the legislative intent underlying the 1981 amendment would also apply to the 1980 amendment regarding professional misconduct. The 1981 legislative history reveals that the investigation and prosecution of licensure matters often require the advice and assistance of experts knowledgeable in a particular profession or area. Bill Jacket, L 1981, ch 228, November 15, 1980 Memorandum by Robert D. Stone, Counsel, State Education Department regarding Departmental Legislative Proposal Number 32. While professional societies expressed a willingness to cooperate with the Education Department to provide the necessary experts, the experts themselves would not be protected from civil liability or against the costs of defending nuisance suits and, therefore, were reluctant to serve under these circumstances.Id. Thus, the absence of adequate protection for these experts impaired the ability of the Department to protect the public from unlawful practitioners. Id.
The Education Department would utilize members of the architectural and engineering associations to elicit testimony as to their findings while performing audits of contract specifications prepared for New York City by the engineer or architect charged with professional misconduct. Your staff has informed us that this testimony would include factual findings regarding deviation of these specifications from program requirements. Further, testimony would be adduced as to whether the architect or engineer had so deviated from expected professional practice as to have engaged in professional misconduct.
The general policy is to construe defense and indemnification coverage narrowly. Formal Opinion No. 93-F5. Thus, the coverage of consultants and experts serving the Education Department or the Health Department should be construed narrowly. Id. Certainly, the ordinary witness called by the Education Department in a professional misconduct hearing would not be eligible to receive defense and indemnification under the limited statutory authorization. The members of the architectural and engineering professional associations, however, would give testimony as to factual findings made in their role as expert auditors utilized by New York City under the "professional certification option". They would also give testimony as to whether the performance of the architect or engineer had so deviated from accepted norms as to constitute professional misconduct. In so doing, they would be serving as experts giving their views based on their professional experience in the field of architecture or engineering. You have indicated that the goal of the Education Department is to encourage the full cooperation of these experts who are uniquely situated to present this broad range of testimony. Under these special circumstances, we believe that these members of architectural and engineering professional associations would fall within the definition of "employee", as persons who assist the Education Department as consultants or expert witnesses in the investigation or prosecution of alleged professional misconduct.
We conclude that members of architectural and engineering professional associations who have served as auditors for New York City under its "professional certification option" are entitled to defense and indemnification by the State on the terms and conditions of Public Officers Law § 17 in any civil action or proceeding arising out of any alleged act or omission which occurred or is alleged in the complaint to have occurred when they testify at the request of the Education Department at hearings to determine charges of professional misconduct against engineers and architects.
Very truly yours,
DENNIS C. VACCO, Attorney General